IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

A.A. and D.A.,

Petitioners,

v.

WARDEN, IRWIN COUNTY DETENTION CENTER, *et al.*,

Respondents.

CASE NO: 7:26-cv-278–WLS-ALS

# ORDER

Before the Court is the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) ("Petition") filed September 18, 2026, on behalf of A.A. and D.A., husband and wife. Pursuant to the Petition, both Petitioners were taken into custody when they reported to U.S. Immigration and Customs Enforcement in Charlotte, North Carolina, for required check-ins. (Doc. 1 ¶ 3). Husband, A.A. is being held at the Irwin County Detention Center in Ocilla, Georgia, which lies within the Valdosta Division of this Court. Wife, D.A., is at the Stewart Detention Center in Lumpkin, Georgia, which lies in the Columbus Division of this Court. (*Id.*). Although knowing this is not the proper division for D.A.'s petition, the Petitioners attempted to file a joint petition in the Valdosta Division. (*Id.* ¶ 12).

"A 2241 petition must generally be filed in the district court where the petitioner is incarcerated, and the proper respondent is the person who has custody over the applicant." *Jones v. Thomas*, No. CIV.A. 14-00173-KD-B, 2014 WL 1922794, at *1 (S.D. Ala. May 14, 2014) (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). Here, the proper respondent to D.A.'s petition is the Warden of the Stewart Detention Center—not the Warden of Irwin County Detention Center. Further, Petitioners state they are aware of the Court's Standing Order 2026-01 which establishes a screen procedure for § 2241 petitions arising from the Stewart Detention Center. (*Id.* ¶ 13). Yet, they still attempt to file a joint petition in the Valdosta Division. The Court finds D.A. intentionally filed her petition in the incorrect Division of this Court.

Accordingly, D.A.'s Petition is hereby **DISMISSED WITHOUT PREJUDICE**, and may be refiled in the correct Division with payment of the filing fee. The Clerk of Court is **DIRECTED** to remove D.A. from the caption, and this case shall proceed with A.A. as the sole Petitioner.

Turning to A.A.'s Petition, the Court may apply Rule 4 of the Rules Governing § 2254 cases to A.A.'s Petition. § 2254 Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a) [which addresses petitions under 28 U.S.C. § 2254]."). Under Rule 4, if a petition is not dismissed on preliminary review, then "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." § 2254 Rule 4. Applying Rule 4, the Court issues the following order.

A.A.'s case appears to involve substantially the same issues raised in *J.A.M. v. Streeval*, No. 4:25-CV-342-CDL, 2025 WL 3050094 (M.D. Ga. Nov. 1, 2025) and *P.R.S. v. Streeval*, No. 4:25-cv-330-CDL, 2025 WL 3269947 (M.D. Ga. Nov. 24, 2025). In those cases, the Court concluded that for noncitizens "who are found in the country unlawfully and are arrested" without having been inspected by an examining immigration officer, then "an immigration officer or immigration judge has the discretion" under 8 U.S.C. § 1226(a) to grant them release on bond unless a statutory exception applies under 8 U.S.C. § 1226(c). *J.A.M.*, 2025 WL 3050094, at *3; *P.R.S.*, 2025 WL 3269947, at *1-*2. Mandatory detention under 8 U.S.C. § 1225(b)(2) "is not authorized" in such cases. *P.R.S.*, 2025 WL 3269947, at *2. *See Hernandez Alvarez v. Warden, Fed. Det. Ctr.*, 175 F.4th 1258, 1281 (11th Cir. 2026) (finding 8 U.S.C. § 1225(b)(2) only applies to those aliens "who have not yet entered the United States but are 'seeking admission' at the border").

Based upon the rationale of *J.A.M.* and *P.R.S.*, Respondents in this action are hereby **ORDERED** to provide Petitioner A.A. with a bond hearing to determine if A.A. may be released on bond under § 1226(a)(2) and the applicable regulations. Respondents shall provide this bond hearing within seven days of today's order. The bond hearing shall comport with all requirements of due process, including the requirement that the Department of Homeland Security shall bear the burden of establishing by clear and convincing evidence that Petitioner A.A. is either a danger to the community or a flight risk. *See J.G. v. Warden, Irwin Cnty. Det. Ctr.*,

501 F. Supp. 3d 1331, 1335 (M.D. Ga. 2020). Once a bond hearing is provided, Petitioner A.A. will have received the remedy that the Court is authorized to order, and Petitioner A.A. should file a notice of dismissal.

If Respondents in good faith contend that the Court's prior rulings in *J.A.M.* and *P.R.S.* do not apply here, Respondents should file an appropriate motion seeking relief from this Order and demonstrating why the Court's prior rulings in *J.A.M.* and *P.R.S.* do not control the result in this case. If such a good faith motion is filed, then this Order shall be stayed pending the resolution of that motion.

**SO ORDERED**, this 30th day of September, 2026.

W. Louis Sands

W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT